# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD MASCIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-0740-MJR-DGW |
| ) | |
| MICHAEL REDMAN, JEFFREY KIDD, ) | |
| EDWARD MCCONAUGHAY, EUGENE ) | |
| HOLT, JASON L. MANLEY, JOSEPH ) | |
| PRUETT, PAUL WALTON, and ) | |
| UNKOWN PARTY, ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction

Plaintiff Donald Mascio filed the above-captioned action against several defendants employed by the Illinois Department of Corrections while he was incarcerated at the Pontiac Correctional Center (Doc. 1). After conducting a preliminary review of Plaintiff's complaint pursuant to **28 U.S.C. §1915A**, the Court permitted Plaintiff to proceed against defendants Michael Redman, Jeffrey Kidd, Ed McConaughay, Eugene Holt, Jason Manley, Joseph Pruett, Paul Walton (collectively "Defendants"), and an unknown defendant for hitting, kicking, and otherwise beating Plaintiff in violation of Plaintiff's Eighth Amendment Rights (Doc. 8, Count I). The Court also allowed Plaintiff to continue his sexual assault claim against Defendant Redman (Doc. 8, Count II).

On February 26, 2009, the Defendants moved for summary judgment (Doc. 36)[1] arguing that before filing suit, Plaintiff failed to exhaust his administrative remedies in accordance with

---

[1] The "unknown defendant" did not take part in the motion for summary judgment.

the Prison Litigation Reform Act ("PLRA").  *See* **42 U.S.C. §1997e(a).**  They argue that Plaintiff failed to file any grievance about the beating he allegedly received, and although he did file a grievance stating he was sexually assaulted, he did not identify the individuals who assaulted him (Doc. 36, p. 4).  Plaintiff has failed to file any response to oppose Defendants' motion even though Defendants warned Plaintiff that if he failed to respond with evidence, the Court would deem Defendants' factual assertions as true and enter summary judgment against him (Doc. 37).

For the reasons stated herein, the Court now **GRANTS** the Defendants' motion for summary judgment.

## B.  Summary Judgment Standard

**Federal Rule of Civil Procedure 56(c)** states that summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986).**  *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, **422 F.3d 603, 607 (7th Cir. 2005);** *Black Agents & Brokers Agency Inc. v. Near North Ins. Brokerage, Inc.*, **409 F.3d 833, 836 (7th Cir. 2005).**  The initial burden is upon the moving party to establish that no material facts are in dispute as to an essential element of the non-moving party's case.  *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, **554 F.3d 1133, 1137 (7th Cir. 2009).**  Once the moving party meets the burden, the non-moving party must come forward with evidence that establishes a genuine issue for trial.  **Fed. R. Civ. P. 56(e).**

A non-moving party may not rest on his pleadings but must set forth specific facts showing there is a genuine issue for trial. *Heft v. Moore,* **351 F.3d 278, 283 (7th Cir. 2003);** *see also Winters v. Fru-Con, Inc.,* **498 F.3d 734, 744 (7th Cir. 2007) (noting that "the district court is not required to scour the record in search of evidence to defeat the motion; the**

**nonmoving party must identify with reasonable particularity the evidence upon which the party relies.").** Consequently, when a non-moving party fails to respond to a motion for summary judgment, a court has no choice but to deem the moving party's factual assertions as true and grant summary judgment in its favor. *Heft,* **351 F.3d at 283 (7th Cir. 2003) (holding that summary judgment is proper when the plaintiff's case consists of factually unsupported claims);** *Thurman v. Village of Homewood,* **446 F.3d 682, 687 (7th Cir. 2006) (affirming the district court's decision to grant summary judgment when the opposing party failed to provide the court with evidence.).** *See Celotex,* **477 U.S. at 320 (noting that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.").**

### C. PLRA Standards

Lawsuits filed by inmates are governed by the provisions of the PLRA. That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies as are available are exhausted.*" **42 U.S.C. § 1997e(a) (emphasis added).** The burden of proof on the affirmative defense of exhaustion lies with the defendants. *Westefer v. Snyder,* **422 F.3d 570, 577 (7th Cir 2005).** The Seventh Circuit, however, requires strict adherence to the PLRA's exhaustion requirement. *Doe v. Chandler,* **438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion.").** Exhaustion must occur before the suit is filed. *Ford v. Johnson,* **362 F.3d 395, 398 (7th Cir. 2004).** "Plaintiff cannot file suit and then exhaust his

administrative remedies while the suit is pending." *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry,* **286 F.3d 1022, 1025 (7th Cir. 2005).** Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Doe,* **438 F.3d at 809.**

### D. The Illinois Department of Corrections' Grievance Procedures

As an inmate confined within the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures For Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill. Administrative Code § 504.800,** *et seq.* The grievance procedures first require inmates to speak with their counselor about their complaint. **20 Illinois Administrative Code § 504.810(a).** Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, ***and the name of each person who is subject of or who is otherwise involved in the complaint***. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Illinois Administrative Code § 504.810(a)(b) (emphasis added).** "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer . . . [who] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." **20 Ill. Administrative Code § 504.830(d).** If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director

4

through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." **20 Ill. Administrative Code § 504.850(a).** "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." **20 Ill. Administrative Code § 504.850(e).** "The director shall review the findings and recommendations of the Board and make a final determination of the grievance with 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." **20 Ill. Administrative Code § 504.850(e)(f).**

The evidence before the Court shows that Plaintiff failed to exhaust his administrative remedies as to both of his claims because Plaintiff did not ever file a grievance about the alleged beating, and because his grievance about the sexual assault did not mention any specific names. *See Figgs v. Evans*, **2008 WL 4328229, *1 (S.D. Ill. Sept. 18, 2008) (granting summary judgment in favor of defendant because the inmate did not name or describe the individuals who committed the acts about which the inmate filed suit);** *Strong v. David,* **297 F.3d 646, 659-50 (7th Cir. 2002) (holding that a state may legitimately enact regulations which require factual particularity in a grievance).** And since Plaintiff failed to respond to the Defendants' motion, the Court has no choice but to deem Defendants' factual assertions as true and find that Plaintiff failed to file his administrative remedies. *Heft,* **351 F.3d at 283;** *Thurman,* **446 F.3d at 687.**

### E.  Conclusion

Based on the foregoing, it is undisputed that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit against Defendants.  Accordingly, the Court **GRANTS** the Defendants' motion for summary judgment (Doc. 36) due to Mascio's failure to exhaust his administrative remedies.

Additionally, the Court notes that while the unknown defendant did not take part in the motion for summary judgment, Mascio's claims against him must also be dismissed.  First, Mascio has failed to identify the unknown defendant, despite the Court's directive in its March 24, 2008 Order (Doc. 8) — nearly 1.5 years ago.  But in any case, it is undisputed that Mascio failed to exhaust his administrative remedies with respect to the incident in question.  As a result, Mascio's claims against the unknown defendant must also be **DISMISSED**.

Accordingly, all claims and defendants are hereby **DISMISSED** without prejudice.

The Court also **DENIES AS MOOT** the Defendants' motion to compel discovery (Doc. 39) and their motion to sanction Plaintiff by dismissing the case (Doc. 38).

As no other claims remain pending in this action, this case is closed.

**IT IS SO ORDERED.**

**DATED this 13th day of August 2009.**

>**s/ Michael J. Reagan**
>**MICHAEL J. REAGAN**
>**United States District Judge**